**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CIVIL CASE NO. 13-7262-JMH-CJS**
**CRIMINAL NO. 5-162-JMH-CJS-1**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**


**v.**                       **REPORT AND RECOMMENDATION**


**JACKIE DALE MULLIKIN**                                        **DEFENDANT**


\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant, *pro se*, has filed a Motion To Vacate, Set Aside, or Correct Sentence under 28

U.S.C. § 2255.  (R. 65).[1]  Defendant claims that a new rule, articulated by the Supreme Court in

*Carachuri-Rosendo v. Holder* and made retroactively applicable to his case through the Fourth

Circuit decision *United States v. Simmons*, should result in a sentence reduction.  But his arguments

are futile.  Caselaw indicates that *Carachuri-Rosendo* did not establish a substantive new rule to be

retroactively applied.  And even if it did, Defendant's Motion is untimely and he is not entitled to

equitable tolling.  Therefore, it is **recommended** that Defendant's Motion be **denied**.

---

[1]Although the Clerk of Courts received and docketed the Motion on February 19, 2013, it is deemed filed on the date Defendant deposited it in the institution's internal mailing system.  *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings in the United States District Courts. Here, the *pro se* Motion was signed on February 8, 2013.  (*See* R. 65, at 13).  Giving Defendant the benefit of the doubt and applying the prisoner mailbox rule, the Court deems the Motion To Vacate to have been filed on February 8, 2013.  *See Houston v. Lack*, 487 U.S. 266, 273 (1988).

## I.   PROCEDURAL BACKGROUND

On December 4, 2006, Defendant pleaded guilty to using, carrying, or brandishing a firearm in relation to a crime of violence, armed bank robbery, and aiding and abetting.[2]  (R. 49).  He was sentenced to a total of 364 months' imprisonment, with a five-year period of supervised release to follow.  (*Id.* at 1-3).

Defendant appealed his conviction to the Sixth Circuit, but the Judgment was affirmed on March 4, 2008.[3]  (*Id.*).  There is no evidence that Defendant filed a petition for a writ of certiorari with the Supreme Court.[4]  Where there is no evidence that a writ of certiorari was pursued, a judgment becomes final ninety days after the circuit court issued its decision.  *See Clay v. United States*, 537 U.S. 522, 525 (2003).  Here, the Judgment became final on June 2, 2008, ninety days after entry of the Sixth Circuit's Order affirming the District Court's Judgment.  *See* Sup. Ct. R. 13(3) (indicating that the time to file petition for writ of certiorari runs from date of order sought to be reviewed, not from issuance date of the mandate).

Defendant is deemed to have filed this § 2255 Motion on February 8, 2013.  (*See* R. 65, at 13).  The Motion raises a single ground for relief: a new Supreme Court rule indicates that he no longer qualifies as a "career offender" for sentencing purposes, because he did not receive a sentence in excess of one year on either of the two convictions which formed the basis of his career offender

[2]*See*, respectively, 18 U.S.C. § 924(c)(1); 18 U.S.C. § 2113(d); and 18 U.S.C. § 2.

[3]The Order is dated March 4, 2008; however, the docket sheet reflects that the Order was filed March 5, 2008.  (*See* R. 55).

[4]Defendant did, however, ask the District Court to amend its judgment so as to set a maximum payment amount for his quarterly installment payments toward his criminal monetary penalties while he is employed at prison.  (*See* R. 57).  The District Court denied this request on March 5, 2009.  (R. 60).

status.[5]  (*See id.* at 4).  This rule is retroactive, says Defendant, and thus he should be resentenced to a shorter term of incarceration.  (*See id.*).

According to local practice, this matter has been referred to the undersigned for preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, and for preparation of a report and recommendation under 28 U.S.C. § 636(b).  Preliminary review of Defendant's Motion reveals that his arguments are faulty and the Motion is barred by the relevant statute of limitations.[6]

## II.    ANALYSIS

Defendant claims that two recent cases, *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010) and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), provide a "new rule," to be applied retroactively, that entitles Defendant to be resentenced to a shorter prison term.[7]  (*See* R. 65,

---

[5]Defendant states that he is "filing an objection to, two of his predicate convictions, number 52 and 59 of [Defendant's] presentence report to qualify him as a career offender."  (R. 65, at 14).  While the presentence report (PSR) does include Number 52 as a prior offense (2nd-degree escape) (*see* PSR, at 12), the transcript from the sentencing proceedings (R. 53, at 3) indicates that a separate conviction for 2nd-degree escape (PSR Number 48) was one of the two felonies used to enhance Defendant's sentence, rather than Number 52: "There [are] some [U.S. Sentencing Guidelines] Chapter 4 enhancements because the defendant had been convicted of third degree arson in Jefferson County and second degree escape in *Marion* County."  (*Id.*) (Emphasis added).  Number 52 is a 2nd-degree escape in *Jefferson* County.  (PSR, at 12).  Thus, Defendant's claim regarding Number 52 is misplaced.

[6] It is unclear whether notice is required for Rule 4 "screening" dismissals, but the issue need not be decided, given that this Report and Recommendation provides notice that the District Court may dismiss Defendant's motion as time-barred.  The Defendant's opportunity to file objections to this Report and Recommendation constitutes his opportunity to be heard by the District Judge.  *See generally Day v. McDonough*, 547 U.S. 198 (2006).

[7]The Court presumes that Defendant is referring to these two cases in his § 2255 Motion.  There is some uncertainty over which cases Defendant is referring to because Defendant mentions "the new precedent set by the Supreme Court" but does not mention *Carachuri-Rosendo*—or any other case by name—until two paragraphs later.  (*See* R. 65, at 14).  Moreover, he cites "United States v. Simmons (4th Cir)" (*see id.*), but does not provide a full case citation.  It appears that Defendant is referring to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

at 14).  The new rule, in Defendant's view, states that since he did not receive a sentence exceeding

one year on either of the convictions which formed the basis of his "career offender" designation,

he is entitled to a reduction in sentence.  And while Defendant acknowledges his Motion's potential

statute of limitations problem, he asserts that his Motion should not be time-barred because his

Motion deserves to be given equitable tolling:

> [Defendant] has currently been in the Federal Bureau of Prisons (S.M.U.[8]) program,
> which severely limits his access to a law library and prevents him from receiving
> information in regards to the changes in the law, in a timely fashion. . . . The
> Supreme Court has held that a [defendant] is entitled to equitable tolling if some
> extraordinary circumstance prevented him from filing his 2255 [Motion] timely[.]

(*See id.*).

These arguments fail.

### A.    Defendant's Motion should be denied because *Carachuri-Rosendo* is not a substantive "new rule" to be applied retroactively.

To obtain relief on collateral review, Defendant is required to show that *Carachuri-Rosendo*

identified a new right that is to be applied retroactively on collateral review.  *See Shaeffer v. United*

*States*, Nos. 1:11–cv–155, 1:07–cr–146, 2012 WL 1598061, at *3 (E.D. Tenn. May 7, 2012).  The

court in *Shaeffer* noted that the Supreme Court in *Carachuri-Rosendo* had not explicitly indicated

that its decision amounted to a new right.  *Id.*; *see also Story v. United States*, Nos. 2:09–cv–51,

2:02–cr–22, 2012 WL 2128007, at *2 (E.D. Tenn. June 12, 2012).  Even if the Supreme Court had

recognized a new right, Defendant has not provided any caselaw to support his assertion that

---

[8]That is, Special Management Unit, which is a heightened security level of incarceration.  *See generally Department of Justice, Federal Bureau of Prisons, General Population - Lewisburg, Institution Admission and Orientation Handbook* (Jan. 2012), *available at* http://www.bop.gov/locations/institutions/ lew/LEW_aohandbook.pdf.  Defendant filed his Motion while he was incarcerated at the U.S. Penitentiary at Allenwood, Pennsylvania.  (*See* R. 65-3, at 2).  On February 28, 2013, Defendant notified the Court that he had been transferred to the U.S. Penitentiary at Lewisburg, Pennsylvania.  (*See* R. 66).

*Carachuri-Rosendo* is to be applied retroactively. Nor has the undersigned's research revealed any Sixth Circuit or Supreme Court caselaw to support Defendant's argument. *See, e.g.*, *United States v. Powell*, 691 F.3d 554, 559-60 (4th Cir. 2012); *United States v. Ingram*, Crim. No. 06-21-02(RBW), Civ. No. 11-2161(RBW), 2012 WL 6086916, at *5 (D.D.C. Dec. 4, 2012); *Story*, 2012 WL 2128007, at *2; *Shaeffer*, 2012 WL 1598061, at *3; *Thomas v. Holland,* No. 0:10–CV–00098–HRW, 2011 WL 2446373, at *5 (June 15, 2011) (all finding that the decision in *Carachuri-Rosendo* does not apply retroactively to cases on collateral review).

Therefore, these arguments are meritless.

**B.    Defendant's Motion is time-barred because it was filed more than one year after the alleged "new rule."  And equitable tolling is inappropriate because limited access to a law library is not "extraordinary" and Defendant did not pursue his rights diligently.**

Section 2255 motions are subject to a one-year statute of limitations, which begins to run from the latest of:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (citation and quotation marks omitted)). The one-year statute of limitations for filing a § 2255 motion is subject to equitable tolling, and Defendant bears the burden of showing that he is entitled to equitable tolling. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (citing *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010)), *cert. denied*, 133 S. Ct. 187 (2012); *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). And the Supreme Court has established that a habeas petitioner is entitled to equitable tolling if he demonstrates that (1) "some extraordinary circumstance stood in his way and prevented timely filing," and (2) "he has been pursuing his rights diligently." *See Holland*, 130 S. Ct. at 2562 (quotation marks and citation omitted).

Here, Defendant's conviction became final on June 2, 2008, ninety days after the Sixth Circuit entered its Order affirming his conviction and sentence, when the time to file a petition for a writ of certiorari expired without him having done so. *See Clay*, 537 U.S. at 525; *Johnson v. United States*, 457 F. App'x 462, 464-65 (6th Cir. 2012). Therefore, he had until June 2, 2009, to file his Motion, but he did not file until February 8, 2013. And were the Court to assume that *Carachuri-Rosendo* is apposite and retroactive to this case, Defendant's Motion would still be time-barred because he filed it more than a two and one-half years after the "new rule" announced in *Carachuri-Rosendo*. *See Dodd v. United States*, 545 U.S. 353, 357 (2005).

Defendant's Motion also runs into trouble regarding its reliance on *Simmons*, a Fourth Circuit case. First, the Fourth Circuit recently held in *Powell* that the rule in *Carachuri-Rosendo* is procedural in nature and does not retroactively apply to cases on collateral review. *See* 691 F.3d at

6

558-60 (discussed in *Rawls v. United States*, Crim. No. 3:01CR–124–H, 2013 WL 56986, at *2 (W.D. Ky. Jan. 3, 2013)).  This position is contrary to Defendant's belief that *Simmons* made the rule in *Carachuri-Rosendo* retroactively applicable.   Even if *Simmons* made the rule in *Carachuri-Rosendo* retroactive, Defendant's Motion would still be time-barred.  The Supreme Court noted in *Dodd* that, for § 2255(f) purposes, the date from which the one-year statute of limitations period is measured is the date on which the Supreme Court recognized the new right—*not* the date on which the asserted right was made retroactively applicable.  *Dodd,* 545 U.S. at 357.  Thus, the key date is the date on which *Carachuri-Rosendo* was decided—June 14, 2010.  The date of the *Simmons* decision (August 17, 2011) is irrelevant to this analysis.  And even if the *Simmons* date were employed, Defendant filed his § 2255 Motion nearly eighteen months after *Simmons*, again running afoul of § 2255(f)'s one-year statute of limitations.

Defendant suggests that an "extraordinary circumstance"—limited law library access—justifies equitable tolling, thus making his Motion timely filed.  (*See* R. 65, at 14).  But in *Hall*, the Sixth Circuit indicated that the defendant's inability to access a trial transcript, "even in combination with [defendant's] pro se status and limited law-library access, [was 'not enough'] to warrant the equitable tolling of [the] limitations period."  662 F.3d at 752; *United States v. Stone*, 68 F. App'x 563, 564-66 (6th Cir. 2003) (citation omitted) (noting, "allegations regarding insufficient library access, standing alone, do not warrant equitable tolling"), *cert. denied*, 540 U.S. 1026 (2003); *cf. Jones v. United States*, 689 F.3d 621, 626-28 (6th Cir. 2012) (citing *Hall*) (determining that equitable tolling was appropriate where the defendant was subject to the following: numerous prison transfers immediately before the "new rule" was announced; partial illiteracy; and medical ailments, including seizures).

Lastly, assuming that Defendant's difficulties with accessing the law library are "extraordinary circumstances" under the first part of the equitable tolling test, Defendant has made no showing that he has "been pursuing his rights diligently." *Cf. Jones*, 689 F.3d at 628 (where the defendant constantly asked other inmates for legal advice on how to challenge his convictions, and "[w]ithin two months of learning of his new right . . . was able to obtain sufficient assistance to submit a [§ 2255] motion").

Equitable tolling is therefore inappropriate in this matter, and Defendant's Motion is untimely.

## III.   CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant.  A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2).   The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255).  In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id*.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Defendant's § 2255 Motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

## IV.   CONCLUSION AND RECOMMENDATIONS

For the reasons stated herein, **IT IS RECOMMENDED** as follows:

(1)    Defendant's Motion To Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (R. 65) be **denied;**

(2)    A Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter; and,

(3)    This action be **stricken** from the active docket of the Court.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within **fourteen (14) days** of the date of service or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's

9

objections within **fourteen (14) days** of being served with a copy of those objections.  Fed. R. Civ.

P. 72(b)(2).

Dated this 4th day of April, 2013.



Signed By:

_**Candace J. Smith**_

**United States Magistrate Judge**

G:\DATA\habeas petitions\2255 prelim review\5-162 Mullikin .wpd