UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action Nos. |
| | ) | 5:06-cr-115-JMH-EBA-1 |
| v. | ) | 5:05-cr-162-JMH-JGW-1 |
| | ) | |
| JACKIE DALE MULLIKIN, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |

\*\*\*

On July 8, 2019, Defendant, Jackie Dale Mullikin, proceeding *pro se*, filed identical letters in the above-captioned cases, addressed to the "Federal Public Defenders Office," requesting legal advice regarding the retroactivity of the United States Supreme Court's decision in "*Davis v. United States*" and whether the *Davis* decision affects either his conviction or his sentence. Additionally, Mullikin asks, "Do I need to file an application with the Sixth Circuit Court of Appeals requesting permission to file a Second or Successive Motion to Vacate, Set Aside, or Correct [his] Sentence, Pursuant to Title 28 U.S.C. §2255(h)?" Finally, Mullikin asks whether he is entitled to representation by counsel.

The United States District Court for the Eastern District of Kentucky does not have a Federal Public Defenders Office. Instead, the Court appoints criminal defendants counsel under the Criminal Justice Act ("CJA"). Previously, Thomas C. Lyons was appointed as

1

CJA counsel for Mullikin. However, Lyons is no longer appointed as Mullikin's counsel, and Mullikin is currently proceeding *pro se*. Since Mullikin is represented by neither CJA counsel nor a public defender, the Court will address Mullikin's questions.

Regarding Mullikin's requests for legal advice concerning the effect *Davis* has on his case and whether he needs to request permission to file a successive motion to vacate, the Court cannot provide legal advice or instruct Mullikin on what he should file. To the extent Mullikin wishes to either move for relief under 28 U.S.C. § 2255 or ask that the Sixth Circuit grant him permission to file a successive motion to vacate, he may do so.

The Court will construe Mullikin's inquiries into whether he is entitled to representation by counsel as motions to appoint counsel. The language of Joint Local Rule of Criminal Procedure 12.1(a) provides as follows:

> Except for routine motions – such as motions for an extension of time – a motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it.

LCrR 12.1(a). While this Court acknowledges its obligation to liberally construe Mullikin's *pro se* motions it has no authority to create arguments for him. *Coleman v. Shoney's, Inc.*, 79 Fed. Appx. 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Mullikin has failed to meet the requirements of

2

LCrR 12.1(a). Since Mullikin provides no argument in support of his request for the appointment of counsel, the Court is unable to grant the requested relief.

Moreover, a petitioner does not have a constitutional right to habeas counsel. *Post v. Bradshaw*, 422 F.3d 419, 423 (6th Cir. 2005). If the petitioner is proceeding as a pauper and the interests of justice so require, a federal court has the discretion to appoint counsel for any petitioner seeking habeas relief. *See* 28 U.S.C. § 2255(g); *see also* 18 U.S.C. § 3006A(a)(2)(B). In exercising its discretion, the Court should consider the legal and factual complexity of the case, petitioner's ability to investigate and present his claims, and any other factors relevant to the given case. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Also, pursuant to 18 U.S.C. § 3006A(a)(2)(B), "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." "The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition." *Hoggard*, 29 F.3d at 471 (citing *Abdullah v. Norris,* 18 F.3d 571, 573 (8th Cir. 1994)); *see also* Rule 8(c) of the Rules Governing Section § 2255 ("If an evidentiary hearing is warranted, the judge must

3

appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

Before the Court can consider whether appointment of counsel is required due to the need for an evidentiary hearing or the interests of justice, Mullikin must first file a timely 28 U.S.C. § 2255 motion within the one-year statute of limitations, pursuant to 28 U.S.C. § 2255(f). *See* 18 U.S.C. § 3006A(a)(2)(B). Mullikin's motions to appoint counsel are premature because "[t]he Court cannot appoint counsel at government expense to provide legal advice and represent [Mullikin] prior to the filing of a § 2255 motion." *U.S. v. Wooden,* No. 1:03-cr-66, 2008 WL 5110790, at *2 (E.D. Tenn. Nov. 26, 2008) (denying Defendant's motion to appoint counsel where Defendant had yet to file a motion to vacate pursuant to 28 U.S.C. § 2255). Mullikin has not filed a § 2255 motion. Instead, Mullikin has asked whether he should request that the Sixth Circuit grant him permission to file a second or successive § 2255 motion. Since Mullikin has not filed a motion under 28 U.S.C. § 2255, he cannot be appointed counsel. *See Wooden,* 2008 WL 5110790, at *2. Accordingly, the Court, having considered the matters fully, and being otherwise sufficiently advised,

**IT IS ORDERED** that Mullikin's motions to appoint counsel are **DENIED**.

This the 9th day of July, 2019.



Signed By:
*__Joseph M. Hood__*
**Senior U.S. District Judge**