UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 05-162-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JACKIE DALE MULLIKIN, | ) | **MEMORANDUM ORDER** |
| | ) | **AND OPINION** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Jackie Dale Mullikin returns to the Court for a second request[1] for early release from incarceration under 18 U.S.C. § 3582(c)(1)(A). [Record No. 87] However, the motion will be denied for the reasons that follow.

## I.

Mullikin is now 49 years old and continues to be housed at Tuscon USP. According to the BOP inmate locator service, his current projected release date is January 12, 2032. (*See* https://www.bop.gov/inmateloc, last visited October 23, 2025.) As summarized in the Sealed Memorandum Opinion and Order filed May 5, 2022 [Record No. 83], Mullikin was initially charged in this district in a 16 count Superseding Indictment with several Hobbs Act robberies in violation of 18 U.S.C. § 1951. He also was charged with using, carrying, or brandishing a firearm during the commission of the robberies in violation of 18 U.S.C. §924(c)(1). Later, he

---

[1] Mullikin's first motion for compassionate release was denied by Senior United States District Judge Joseph M. Hood on May 5, 2022. [Record No. 83] The case originally was assigned to Judge Hood who sentenced Mullikin to a term of incarceration of 364 months in 2006. [Record No. 49] The matter was reassigned to the undersigned in 2024 after Judge Hood took inactive senior status. [Record 84]

was charged by Information in the Middle District of Georgia for a similar robbery which included a charge for using, carrying, or brandishing a firearm during the offense. That case was later transferred to this district and assigned to Judge Hood. [*See* Criminal Action No. 5: 06-115-JMH.]

Mullikin entered a guilty plea pursuant to a binding plea agreement to Count 1 of the Superseding Information filed in the transferred case [Criminal Action No. 5: 06-115-JMH], and to Counts 7 and 10 of the Superseding Indictment filed in this case [Criminal Action No. 5: 05-162-JMH]. He was sentenced on December 4, 2006, to a term of incarceration of time-served on Count 1 in Criminal Action No. 5: 06-115-JMH, and 84 months on Count 7 and a consecutive term of 280 months on Count 10 in Criminal Action No. 5: 05-162-JMH, for a total term of imprisonment of 364 months, to be followed by five years of supervised release. [Record No. 49]

Mullikin argued in his first motion filed pursuant to 18 U.S.C. § 3582(c)(1)(A) that early release was warranted because his sentence was disproportionate to others with similar convictions. But Judge Hood rejected this argument. As he explained,

> [u]nlike changes for crack cocaine sentences, changes in penalties for firearms related offenses are not retroactive and "non-retroactive statutory reforms in the First Step Act of 2018—as a matter of law—cannot be used to find 'extraordinary and compelling reasons' for a sentence reduction under § 3582(c)(1)(A)(i). *United States v. Hunter*, 12 F.4th 555, 563 (6th Cir. 2021). Therefore, the Court will not find an extraordinary and compelling reason for a sentence reduction exists on this basis.

[Record No. 83, p. 11] Judge Hood further concluded that early release was not supported by the defendant's age, family circumstances, or medical conditions. Regarding Mullikin's medical conditions, Judge Hood also found that the defendant was being adequately treated by

- 2 -

the BOP.[2]  Finally, addressing United States Sentencing Guideline § 1B1.13 cmt. n.1., Judge Hood concluded that "no other reason or combination of reasons exist for the Court to grant [Mullikin] compassionate release."  [*Id.* at p. 13]

Mullikin did not appeal the earlier denial of his motion for compassionate release. However, on July 16, 2025, he once again requested early release from Warden Gutierrez at Tuscon USP.  There is no indication in the record that Warden Gutierrez responded to this request.  On September 15, 2025, Mullikin filed his second motion for compassionate release with this Court.  [Record No. 87]

The defendant makes three arguments in support of his motion.  First, Mullikin contends that, if sentenced today, he was only serve a fraction of his original sentence due to congressional changes to 18 U.S.C. § 924(c) (*i.e.*, the "stacking clause" change). Second, Mullikin points to completion of several BOP programs, arguing that this rehabilitation has been "quite effective" thus, reducing the risk of recidivism.  And finally, he states that "he has numerous options for success upon release, including various locations for a residence and employment.

## II.

Generally, "[o]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013).  However, compassionate release is an exception to the rule.  *United States v. McCall*, 56 F.4th 1048, 1056 (6th Cir. 2022).  Under 18

---

[2]  Mullikin claimed to be suffering hyperthyroidism, an irregular heartbeat, an anterior mediastinal mass, moderate asthma, and hypertension at the time of his first motion.  He appears to have abandoned similar arguments in connection with his second compassionate release motion.

U.S.C. § 3582(c)(1)(A), the discretion to reduce a sentence belongs entirely to the district court; however, district courts must "supply specific factual reasons for their compassionate release decisions." *United States v. Jones*, 980 F.3d 1098, 1101-02 (6th Cir. 2020). And before a defendant may properly petition a district court for compassionate release, he must first demonstrate exhaustion of administrative remedies within the BOP. 18 U.S.C. § 3582(c)(1)(A).[3]

After ensuring exhaustion, the Court conduct a "three-step inquiry." *Jones*, 980 F.3d at 1101. First, the Court examines whether extraordinary and compelling reasons warrant a sentence reduction. *McCall*, 56 F.4th at 1054. And non-retroactive legal developments do not factor into the extraordinary and compelling analysis. *Id.* at 1065. Next, the Court considers whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* Finally, the Court determines whether the proposed reduction is warranted after considering the relevant § 3553(a) factors. *Id.*

It is the moving party's burden to establish that he is entitled to a sentence reduction. *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020). The Court will deny a motion for a sentence reduction "if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022).

### III.

The United States Sentencing Commission's amendments to its compassionate release policy statement list six categories of extraordinary and compelling reasons that may support

---

[3] The United States does not challenge the exhaustion requirement in this case.

the reduction of a previously imposed sentence. U.S.S.G. § 1B1.13(b). Here, Mullikin contends that he is serving an "unusually long sentence" in comparison to what other defendants would receive if sentenced today and that such disparity constitutes an extraordinary and compelling circumstance warranting compassionate release under U.S.S.G. § 1B1.13(b)(6). However, this argument is foreclosed from consideration. *See United States v. Bricker, United States v. McHenry, and United States v. Orta*, 135 F. 4th 427 (6th Cir. 2025) (holding that the United States Sentencing Commission exceeded its statutory authority in promulgating U.S.S.G 1B1.13(b)(6) and, as such, the guideline provision is invalid).

Mullikin's second argument also fails. Even if the Court were to accept the defendant's argument that his post-sentencing conduct and resulting "rehabilitation" reduces the risk that he will re-offend, it is an insufficient reason, standing alone (or here, in combination with his other arguments), to support the relief requested. *See* 28 U.S.C. § 994(t)[4]; *see also United States v. Ruffin*, 978 F. 3d 1000, 1004 (6th Cir. 2020) ("rehabilitation of the defendant alone [is] not . . . an extraordinary and compelling reason" to support a reduced sentence); and *United States v. Pinke*, 2025 WL 1600934, at *3 (E.D. Ky. June 5, 2025) ("rehabilitative efforts are part of prison life and do not support a basis for reducing a prison sentence"). Likewise, it is an insufficient reason for a sentence reduction when combined with his other arguments. While commendable, the classes Mullikin has completed during incarceration do not

---

[4] "The [United States Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."

sufficiently lower his recidivism risk such that the Court could conclude that he no is no longer a danger to the public. And the fact that he may be employable and have an available residence does not alter this analysis.[5]

## IV.

Finally, even if Mullikin were able to establish an extraordinary or compelling reason to support his request for early release, the relevant factors of 18 U.S.C. § 3553(a) would not favor even a modest reduction of the sentence originally imposed. Mullikin received a just sentence when considering his offenses of conviction. Granting the relief sought would unduly diminish the seriousness of his offenses.

Likewise, Mullikin's history and characteristics do not support a reduction of his sentence in this case. As relevant here, Mullikin's crime spree began at age 29. He robbed a Georgia bank and threatened the teller with a semi-automatic handgun. His crimes continued with the robbery of a gas station using a semi-automatic handgun and robbery of a Red Roof Inn, also using a semi-automatic weapon. In addition, he was responsible for seven other robberies.

Next, neither specific deterrence nor protection of the public would be served by reducing Mullikin's sentence. As outlined in the United States response to the present motion, Mullikin was/is a career criminal. His criminal history began at age 19 and includes a variety of offense involving shoplifting, 3rd degree burglary, theft, escape, disorderly conduct, 3rd

---

[5]    The Court also considers the defendant's "Release Plan" in connection with the relief sought. However, it is neither extraordinary nor compelling, whether considered alone or in combination with Mullikin's other arguments. "[T]he combination of grounds for release, none of which independently supports a sentence reduction, does not collectively 'entitle a defendant to a sentence reduction.'" *United States v. Lemons,* 15 F. 4th 747, 749 (6th Cir. 2021).

degree criminal trespass, 2nd degree wanton endangerment, 2nd degree escape, terroristic threatening and attempting to receive stolen property, operating on a suspended license, 2nd degree criminal trespass, and driving under the influence. And while in BOP custody, Mulligan has been sanctioned for fighting with another inmate, assault, starting a fire in the Special Housing Unit, possessing unauthorized items, abusing phone privileges, drug possession, and destruction of property. These violations certainly refute Mullikin's argument that he is not likely to return to criminal conduct if he were to receive a reduced term of incarceration.

## V.

Compassionate release is "not an open-ended invitation to simply relitigate and reweigh the §3553(a) factors based on facts that existed at sentencing." *Unted States v. Hunter*, 12 F. 4th 555, 569 (6th Cir. 2021). Here, the Court remains satisfied that the sentence originally imposed in this matter is *minimally* sufficient to reflect the seriousness of Mullikin's crimes, provide just punishment, afford adequate deterrence of future criminal conduct, and protect the public from further crimes of the defendant. Accordingly, it is hereby

**ORDERED** that the defendant's motion for compassionate release [Record No. 87] is **DENIED**.

Dated: October 24, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky